IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACY A. REYNOLDS, | Case No. 3:15-CV-2370 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | **REPORT & RECOMMENDATION** |
| Defendant. | |

**I.     Introduction**

Plaintiff, Tracy A. Reynolds, through attorneys Paulette F. Balin and Matthew J. Shupe, moves for the court to approve, pursuant to 42 U.S.C. § 406(b), an attorney fee of $20,000 to be paid out of her total award of $180,515 in past-due benefits.  ECF Doc. 20.  Specifically, Reynolds asserts that the $20,000 fee, which represents 11 percent of the total award, is due to Shupe for his 20.8 hours of work in her case before this court.  *Id.*, Page ID# 1095.  The Commissioner of Social Security (the "Commissioner") has responded in opposition to Reynolds' motion. [1]  ECF Doc. 22.  Reynolds has filed a reply.  ECF Doc. 24.

This matter is before me upon the district court's referral for the preparation of a Report and Recommendation, pursuant to Local Rule. 72.2(a).  Because Reynolds § 406(b) fee request is reasonable, I recommend that that the Court GRANT Reynolds' motion to pay Shupe $20,000

---

[1] *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) ("[T]he Commissioner of Social Security . . . plays a part in the fee determination resembling that of a trustee for the claimants.").

in attorney fees, provided that Shupe refunds to Reynolds the $1,250.79 previously paid under the Equal Access to Justice Act (the "EAJA").

## II. Facts

### A. Procedural Background

On November 19, 2015, Reynolds filed a complaint seeking judicial review, under 42 U.S.C. § 405(g), of the Commissioner's decision denying her application for disability insurance benefits. ECF Doc. 1; (Tr. 12–28). She filed her merits brief on June 29, 2016. ECF Doc. 15.

On August 15, 2016, this Court entered judgment in Reynolds' favor and remanded to the Commissioner for further proceedings, pursuant to the parties' joint motion to remand. ECF Doc. 17. On August 16, 2017, an Administrative Law Judge issued a decision finding that Reynolds was disabled since May 25, 2010. ECF Doc. 20-9, Page ID# 1136.

On September 8, 2016, the parties filed a joint stipulation and motion to award $3,822 in attorney fees under the EAJA, payable to Shupe. ECF Doc. 18. The court granted the parties' motion. ECF Doc. 19. Thereafter, the U.S. Treasury paid counsel $1,250.79, offsetting the EAJA award against Reynolds' preexisting federal debt. ECF Docs. 20 and 20-6, Page ID# 1095, 1123.

On October 25, 2017, the Commissioner issued a "notice of award," granting Reynolds $180,515 in past-due benefits. ECF Docs. 20 and 20-1, Page ID# 1094, 1105. The Commissioner withheld 25-percent of Reynolds' award ($45,128.75) pending approval of attorney fees. ECF Doc. 20-1, Page ID# 1107. The Commissioner later authorized, under 42 U.S.C. § 406(a), $15,000 in attorney fees for Balin, and $5,000 in attorney fees for Attorney Amena Choudhury. ECF Docs. 20, 20-2, and 20-3, Page ID# 1094, 1113, 1117.

**B.     Supporting Evidence**

In hiring Balin and Shupe, Reynolds signed an "attorney fee contract," in which she agreed:

> that if Federal Court favorably decides my claim at the Federal Court level; or at the Appeals Council or ALJ hearing level after a decision by the Federal Court, I will pay my attorney a fee equal to 25 percent of all past-due benefits in my Social Security and/or SSI disability claims.

ECF Doc. 20-5, Page ID# 1122.  Shupe has practiced disability since he was admitted to the bar in 2012, and he worked a total of 20.8 hours on Reynolds' case.  ECF Docs. 20-7 and 20-8.

In an affidavit, Balin and Shupe's case manager, Sabrina Veal, stated that she worked for the firm since 2000, and that her job duties included preparing fee petitions for cases that were appealed beyond the administrative hearing level or involved representation by another law firm. ECF Doc. 20-10, Page ID# 1138.  Veal attested that "[t]he hourly rate for attorneys' time requested and routinely approved by Social Security in the fee petitions prepared by this firm over the past several years has been $350.00 per hour." *Id.*

Attorney Louise Mosher stated in an affidavit that she practiced social security disability law for 44 years.  ECF Doc. 20-11, Page ID# 1139.  Mosher stated that "[t]he value of [her] service on a Social Security petition is $350 per hour, and Social Security has routinely taken that rate into consideration these past many years." *Id.*

**III.    Law and Analysis**

**A.     Attorney Fee Awards in Social Security Disability Cases**

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case.  First, under the Equal Access to Justice Act (the "EAJA"), a plaintiff may recover attorney fees which, if awarded, are paid by the government.  *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable

3

fee for an attorney's representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past-due benefits. *See* 42 U.S.C. § 406(b). The fee awarded pursuant to § 406(b) may not exceed 25 percent of the total past-due benefits. 42 U.S.C. § 406(b)(1)(A); *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). If fees are awarded under both the EAJA and § 406(b), counsel must refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

        **B.**      **Reasonableness of Attorney Fees under 42 U.S.C. § 406(b)**

Federal courts review requests for attorney fees under § 406(b) for reasonableness. *See Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808. Courts may reduce fees in only two circumstances: "(1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420–21(6th Cir. 1991) (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). As examples, the Supreme Court has provided that:

> If the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case on court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. at 808 (citations omitted). Other relevant factors may include the extent of counsel's services, the complexity of the case counsel's skill and experience, the amount of time counsel spent on the case, the results counsel achieved, the level of review to which the case was

taken, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794 n.3 (discussing the factors the Commissioner considers in evaluating a fee request under 20 C.F.R. § 404.1725(b)).

To succeed on a § 406(b) motion for attorneys' fees, counsel must show that that the fee sought is reasonable for the services rendered. *Lasley*, 771 F.3d at 309 (citing *Gisbrecht*, 535 U.S. at 807). When a contingency fee agreement complies with § 406(b)'s 25-percent cap, counsel enjoys a rebuttable presumption that the fee arrangement is reasonable. *Lasley*, 771 F.3d at 309 (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421(6th Cir. 1991), and *Rodriguez*, 865 F.2d at 746). In *Hayes*, the Sixth Circuit "modified this presumption by setting a 'floor' for court review of contingency fees: 'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Id.* (quoting *Hayes*, 923 F.2d at 422). "If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees." *Hayes*, 923 F.2d at 422.

"[A]n excessively high hourly rate . . . is not a valid reason for reducing an attorney's fee award." *Hayes*, 923 F.2d at 421 ("42 U.S.C. § 406(b)(1) establishes a cap on attorney's fees of 25% of the claimant's award, not a cap on the hourly rate."). Nonetheless, district courts may "consider the hourly rate represented by an attorney's 25% fee . . . as part of the calculus in arriving at an appropriate fee." *Id.* at 421–22 (quotations and citations omitted). Thus, "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriguez*, 865 F.2d at 741); *see also Lasley*, 771 F.3d at 310.

5

### C. Plaintiff's Request for Attorney Fees

In her motion, Reynolds asserts that "the hourly fee requested and routinely received by the two attorneys who worked on this matter has been $350 per hour, as attested to by Ms. Veal." ECF Doc. 20, Page ID# 1099. Relying on Mosher's affidavit, Reynolds contends that Balin and Shupe's $350 per hour rate is consistent with the rates charged by "attorneys with comparable experience in the Northern District of Ohio." *Id.* at 1100. Further, she asserts that the requested award would not be a windfall because her case was litigated over 6 years, federal litigation is complex, and counsel delivered skilled and high-quality representation. *Id.* at 1100–1102. Moreover, Reynolds points to several cases in which this court has awarded fees representing hypothetical rates between $720 and $905.80 per hour. *Id.* at 1100. She also notes that $20,000 is 11 percent of her total award, and that $20,000 for 20.8 hours of work results in a hypothetical rate of $961.53 per hour. *Id.* at 1095.

The Commissioner responds that the requested fee "may reflect an impermissible windfall" because "the implied hourly rate of $961.53 is many times what the evidence suggests as Mr. Shupe's non-contingent market rate." ECF Doc. 22, Page ID# 1173. The Commissioner contends that, as an attorney with three to five years' experience during Reynolds' case, Shupe's non-contingent market rate was likely less than the $350 per hour rate attributed to the significantly more experienced Balin and Mosher. *Id.* at 1170–72. The Commissioner suggests that an hourly rate commensurate with the rates potentially available under the EAJA,[2] or the median and mean rates reflected in the Ohio State Bar Association's 2013 attorney fees survey,[3] should be used when calculating the reasonableness of a § 406(b) award. *Id.* at 1169, 1172.

---

[2] The Commissioner asserts that commensurate with the $180 per hour rate available under the EAJA, courts have found a rate of up to $360 per hour was reasonable. ECF Doc. 22, Page ID# 1169 (citing *Lasley*, 771 F.3d at 310).
[3] Specifically, the Commissioner states that: (1) the 2013 median hourly billing rate was $207 and the average rate was $233; (2) for firms of 3 to 5 lawyers, the median rate was $220 and the average rate was $237; (3) for lawyers

6

Reynolds responds that her request is reasonable, as it constitutes 11 percent of her total award even though it is more than double his normal rate of $350 per hour. ECF Doc. 24, Page ID# 1178–80. Reynolds also adds that Shupe had significant experience as the managing attorney for his firm's appellate practice, earned a reputation for reliability and expertise among his colleagues, and was a frequent speaker at continuing legal education events. ECF Doc. 24, Page ID# 1178 n.1.

The amount requested here does not exceed § 406(b)'s 25 percent cap. 42 U.S.C. § 406(b)(1)(A); *Lasley*, 771 F.3d at 309). In fact, the $20,000 fee requested is approximately 11 percent of the total past-due award. ECF Doc. 20 ant 20-1, Page ID# 1094–95, 1105. Further, even if the court aggregated the requested amount with that awarded to Balin and Choudhury under § 406(a), the total amount would not exceed either § 406(b)'s 25 percent cap or the 25 percent contingent fee in Reynolds' attorney fee agreement.[4] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (stating that a court "need not aggregate the § 406(b) fees . . . with the fees previously awarded to counsel under § 406(a) for services before the agency."); ECF Docs. 20, 20-2, and 20-3, Page ID# 1094, 1113, 1117. Therefore, even though Reynolds' request is not *per se* reasonable, it triggers the rebuttable presumption of reasonableness. *Lasley*, 771 F.3d at 309; *Hayes*, 923 F.2d at 421–22.

Also, as a condition of the award, Shupe must refund Reynolds the $1,250.79 received under the EAJA. *Gisbrecht*, 535 U.S. at 796; ECF Docs. 20 and 20-6, Page ID# 1095, 1123. After this refund, Shupe will ultimately receive $18,749.21 of the requested $20,000. When

---

with 3 to 5 years of practice, the median rate was $175 and the average rate was $174; and (4) for social security attorneys the median rate was 250 and the average rate was $264. ECF Doc. 22, Page ID# 1172 (citing Ohio State Bar Ass'n, The Economics of Law Practice in Ohio in 2013 at 39–41, *available at* moritzlaw.osu.edu/electionlaw/litigation/documents/Libertarian643.pdf (last visited Oct. 22, 2018)).

[4] The combined total of the § 406(a) award and § 406(b) request is $40,000, which is approximately 22.1 percent of Reynolds' total award of $180,515. *See* ECF Docs. 20, 20-2, and 20-3, Page ID# 1094, 1113, 1117.

7

$18,749.21 is substituted in the hypothetical rate calculation, the calculation yields a rate of $901.40. Although this figure is well above the *per se* reasonable rate of $700 per hour yielded when counsel's claimed rate of $350 per hour is accepted, the total hourly rate of $901.40 falls within the range of hypothetical hourly rates that this court has found reasonable. *See* ECF Doc. 20, Page ID# 1100 (citing *Trent v. Colvin*, No. 1:09-cv-2680, ECF Doc. 35 (N.D. Ohio April 13, 2015) (declining to reduce an § 406(b) award when counsel's total hourly rate, after all fee awards were aggregated, was $905.80)); *but see Hayes v. Colvin*, No. 1:13-cv-2812, 2015 WL 4275506 at *3 (N.D. Ohio July 14, 2015) ("Courts in this District have previously determined that an hourly rate of up to $350 is an appropriate upper limit in awarding attorney fees pursuant to § 406(b)."). Moreover, this court may not reduce a § 406(b) award merely because it would yield a high hypothetical hourly rate. *Hayes*, 923 F.2d at 421.

Finally, notwithstanding Shupe's relatively recent admission to practice law, the Commissioner has not shown that the character of his representation or the results he achieved justify reducing the requested fee. *Hayes*, 923 F.2d at 422. The Commissioner has not alleged that delay allowed Reynolds' past-due benefits to accumulate, that Shupe rendered minimal effort compared to the size of Reynolds' award, or that Shupe's representation was in any way improper or ineffective. *Gisbrecht*, 535 U.S. at 794 n.3, 808; *Hayes*, 923 F.2d at 420–21; *Rodriguez*, 865 F.2d at 746; *see generally* ECF Doc. 22. Indeed, the record belies any such arguments, as Shupe: (1) timely filed Reynold's merits brief before this court without any extension; (2) soon thereafter joined the Commissioner in a motion to remand the case; and (3) within a day after remand secured Reynolds' favorable judgment. ECF Docs. 15 and 17; ECF Doc. 20-9, Page ID# 1136. Thus, the Commissioner has not rebutted the presumption that

Reynolds' requested § 406(b) fee is unreasonable. *Lasley*, 771 F.3d at 309; *Hayes*, 923 F.2d at 421–22.

Therefore, a fee of $20,000 does not exceed the 25 percent statutory cap and contingency fee that Reynolds agreed upon or constitute a "windfall," and this case does not present any other circumstances justifying a reduction in Reynolds' § 406(b) fee request. Accordingly, the Court should find that Reynolds' § 406(b) request is reasonable.

### IV.  Recommendation

Because Reynolds § 406(b) fee request is reasonable, I recommend that that the Court GRANT Reynolds' motion to pay Shupe $20,000 in attorney fees, provided that Shupe refunds to Reynolds the $1,250.79 previously paid under the EAJA.

Dated: October 23, 2018

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

9